**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **TANISHA SHELTON,**<br>Plaintiff, | Case: 1:26-cv-02459 JURY DEMAND<br>Assigned To : Unassigned<br>Assign. Date : 7/14/2026<br>Description: Pro Se Gen. Civ. (F-DECK) |
|  | **JURY TRIAL DEMANDED** |
| **NATIONAL CREDIT ADJUSTERS, L.L.C.**<br>Defendant, |  |

**COMPLAINT AND JURY DEMAND**

Plaintiff Tanisha Shelton ("Plaintiff"), proceeding pro se, alleges as follows:

## I. INTRODUCTION

1. This action arises from Defendant National Credit Adjusters, L.L.C. failure to comply with its obligations under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. Congress enacted the FCRA to ensure fair and accurate credit reporting, protect consumer privacy, and require furnishers of information to conduct reasonable investigations of disputed information reported to consumer reporting agencies.

3. Defendant furnished information regarding an alleged debt account identified as Account No. 405731042875 to one or more consumer reporting agencies, including Experian, Equifax, and TransUnion.

4. Plaintiff disputed the accuracy and completeness of the information being reported and requested that the information be investigated, corrected, modified, or deleted.

**RECEIVED**

JUL 14 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

5. Upon information and belief, the consumer reporting agencies notified Defendant of Plaintiff's disputes pursuant to the FCRA.

6. Despite receiving notice of Plaintiff's disputes, Defendant failed to conduct a reasonable investigation and continued reporting inaccurate, incomplete, misleading, and/or unverifiable information concerning the alleged account.

7. As a direct and proximate result of Defendant's conduct, inaccurate information remained on Plaintiff's consumer reports, causing damages including harm to credit reputation, diminished creditworthiness, loss of credit opportunities, emotional distress, frustration, embarrassment, anxiety, inconvenience, and significant time and effort spent attempting to correct the inaccurate reporting.

## II. JURISDICTION AND VENUE

8. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law.

10. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District and a substantial part of the events giving rise to these claims occurred within this District.

## III. PARTIES

11. Plaintiff Tanisha Shelton is a natural person and consumer as defined by 15 U.S.C. § 1681a(c), residing in the District of Columbia.

12.    Defendant National Credit Adjusters, L.L.C. is a company engaged in the business of collecting debts and furnishing information concerning consumer debts to consumer reporting agencies and regularly participates in interstate commerce.

13.    At all relevant times, Defendant furnished information concerning consumers, including Plaintiff, to one or more consumer reporting agencies as contemplated by the FCRA.

## IV. FACTUAL ALLEGATIONS

14.    Defendant furnished information concerning an alleged account identified as Account No. 405731042875 to one or more consumer reporting agencies, including Experian, Equifax, and TransUnion.

15.    Upon reviewing her consumer reports, Plaintiff discovered that Defendant was reporting information that was inaccurate, incomplete, misleading, and/or incapable of verification.

16.    Plaintiff disputed the reporting of the account because Defendant was reporting information that Plaintiff believed was inaccurate and failed to accurately reflect the true status, ownership, and/or validity of the alleged account.

17.    On or about March 9, 2026, Plaintiff submitted a dispute regarding the account and challenged the accuracy and completeness of the information being reported.

18.    On or about April 24, 2026, Plaintiff submitted an additional dispute and again requested that the inaccurate information be corrected, modified, or deleted.

19.    Plaintiff also disputed the account through the consumer reporting agencies, including Experian Information Solutions, Inc., Equifax Information Services LLC, and TransUnion LLC.

20.    In those disputes, Plaintiff informed the consumer reporting agencies that the information being reported by Defendant was inaccurate, incomplete, misleading, and unverifiable and requested a reasonable reinvestigation.

3

21. Upon information and belief, the consumer reporting agencies transmitted notice of Plaintiff's disputes to Defendant pursuant to 15 U.S.C. § 1681i(a)(2).

22. Upon receiving notice of Plaintiff's disputes, Defendant became obligated under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation, review all relevant information provided by the consumer reporting agencies, and report accurate results.

23. Despite receiving notice of the disputes, Defendant continued furnishing the disputed information to consumer reporting agencies.

24. Upon information and belief, Defendant failed to conduct a reasonable investigation into the disputed information.

25. Upon information and belief, Defendant failed to review all relevant information provided in connection with Plaintiff's disputes.

26. Upon information and belief, Defendant merely verified the disputed information without conducting a meaningful investigation sufficient to determine whether the information being reported was accurate and complete.

27. Defendant continued reporting information that Plaintiff contends was inaccurate, incomplete, misleading, and incapable of verification despite having notice that the information was disputed.

28. Defendant's conduct caused inaccurate information to remain on Plaintiff's consumer reports.

29. As a direct and foreseeable result of Defendant's conduct, Plaintiff suffered damages including harm to credit reputation, diminished creditworthiness, loss of credit opportunities, emotional distress, frustration, embarrassment, anxiety, inconvenience, and significant time and effort spent attempting to correct the inaccurate reporting.

4

## V. COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681s-2(b)

30.     Plaintiff incorporates by reference Paragraphs 1 through 29 as though fully set forth herein.

31.     After receiving notice of Plaintiff's disputes from one or more consumer reporting agencies, Defendant was required by 15 U.S.C. § 1681s-2(b) to:

a. Conduct a reasonable investigation regarding the disputed information;

b. Review all relevant information provided by the consumer reporting agencies;

c. Report the results of its investigation accurately;

d. Correct, modify, or delete information found to be inaccurate, incomplete, or unverifiable; and

e. Cease reporting information that could not be verified following a reasonable investigation.

32.     Defendant failed to satisfy one or more of these statutory obligations.

33.     Defendant's investigation, if any, was unreasonable under the circumstances.

34.     Defendant continued reporting inaccurate, incomplete, misleading, and/or unverifiable information after receiving notice of Plaintiff's disputes.

35.     As a direct and proximate result of Defendant's violations of 15 U.S.C. § 1681s-2(b), Plaintiff suffered actual damages.

## VI. COUNT II

### WILLFUL NONCOMPLIANCE WITH THE FCRA

### 15 U.S.C. § 1681n

36.     Plaintiff incorporates by reference Paragraphs 1 through 35.

37.    Defendant knowingly or recklessly disregarded its obligations under the FCRA.

38.    Defendant continued furnishing disputed information despite receiving notice of Plaintiff's disputes.

39.    Defendant's conduct constituted a willful violation of the FCRA.

40.    As a direct and proximate result of Defendant's willful conduct, Plaintiff suffered damages and is entitled to relief under 15 U.S.C. § 1681n.

## VII. COUNT III

### NEGLIGENT NONCOMPLIANCE WITH THE FCRA

### 15 U.S.C. § 1681o

41.    Plaintiff incorporates by reference Paragraphs 1 through 40.

42.    In the alternative, Defendant negligently failed to comply with the requirements imposed by the FCRA.

43.    Defendant failed to exercise reasonable care in investigating and reporting the disputed information.

44.    As a direct and proximate result of Defendant's negligent conduct, Plaintiff suffered actual damages and is entitled to recovery under 15 U.S.C. § 1681o.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award:

A. Actual damages in an amount to be determined at trial;

B. Statutory damages as authorized by the FCRA;

6

C. Punitive damages for Defendant's willful violations of the FCRA;

D. Costs of suit and any fees recoverable by law;

E. An order requiring correction, modification, and/or deletion of inaccurate information concerning Account No. 405731042875 from Plaintiff's consumer reports;

F. Pre-judgment and post-judgment interest as permitted by law;

G. Declaratory and other relief as the Court deems appropriate; and

H. Such other and further relief as the Court deems just and proper.

## XI.  JURY DEMAND

45.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

**Respectfully submitted,**

Tanisha Shelton

905 Delaware AVE SW

Washington, D.C. 20024

Tel: (202)316-3008

Email Address: tanisha.shelton33@yahoo.com

Date: July 14, 2026

**Plaintiff, Pro Se**

7